1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN SAFLEY and SUZANNE      )   Case No. 2:12-CV-00795-JAM-CKD
     SAFLEY,                        )
12                                  )   ORDER GRANTING DEFENDANT'S
                        Plaintiffs, )   MOTION TO DISMISS
13                                  )
          v.                        )
14                                  )
                                    )
15   WELLS FARGO, NA as successor in )
     interest to WACHOVIA MORTGAGE  )
16   and WORLD SAVINGS BANK, FSB; and )
     DOES 1 through 50, inclusive,  )
17                                  )
                        Defendants. )
18   _____

19        This matter is before the Court on Wells Fargo, NA's

20   ("Defendant") Motion to Dismiss Complaint (Doc. # 5). [1]  Defendant

21   seeks dismissal on the grounds that Plaintiffs Norman and Suzanne

22   Safley's ("Plaintiffs") claims should be dismissed pursuant to

23   Federal Rule of Civil Procedure 12(b)(6) because they are preempted

24   by federal lending law, Plaintiffs are judicially estopped from

25   bringing their claims, and because Plaintiffs failed to adequately

26   plead a claim that entitles them to relief.  Plaintiffs oppose the

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
     scheduled for June 13, 2012.

1

1  motion (Doc. # 13).   Defendant also filed a Request for Judicial

2  Notice ("RJN") (Doc. # 7), which Plaintiffs oppose.   Because the

3  Court finds that Plaintiffs lack standing to bring the present suit

4  and that the claims presented here are precluded by Plaintiffs'

5  prior bankruptcy action, Defendant's motion is GRANTED.

6

7                    I.   BACKGROUND

8      This lawsuit originated when Plaintiffs filed a Complaint in

9  the Superior Court of California, Sacramento on February 15, 2012

10  (Doc. # 1, Ex. A).   Plaintiffs bring eight causes of action against

11  Defendant: 1) Fraud/Deceit, 2) Conspiracy to Defraud, 3) Promissory

12  Estoppel, 4) Negligent Misrepresentation, 5) Negligence, 6)

13  Negligent Infliction of Emotional Distress, 7) Violations of

14  California Business and Professions Code § 17200, et seq., and 8)

15  Reformation Under California Civil Code § 1670.5.   Defendant

16  removed the action to federal court pursuant to 28 U.S.C. § 1441(b)

17  claiming federal jurisdiction under 28 U.S.C. § 1332, Diversity of

18  Citizenship (Doc. # 1), on the grounds that Defendant is a citizen

19  of South Dakota and Plaintiffs are citizens of California.

20      Plaintiffs' Complaint generally challenges the origination of

21  and later refusal of Defendant to modify the terms of a mortgage

22  taken to refinance existing debt on 13700 Indio Drive, Sloughhouse,

23  CA, 95683 (the "Property) in July, 2006.   Plaintiffs originally

24  obtained a mortgage to refinance the debt on the Property from

25  World Savings, to which Defendant is the successor in interest.[2]

26  _____

27  [2] It is undisputed that Wells Fargo, NA is the proper defendant in
   this action as it is the successor in interest to World Savings,
   FSB and Wachovia Mortgage, FSB.   The Court's order therefore

28  attributes actions allegedly taken by all three entities to

                           2

In 2008, Plaintiffs applied for loan relief from Defendant and were denied.  In March of 2010, Plaintiffs allege that Defendant informed them that they would qualify for a modification if they were 3 months delinquent in their mortgage payments.  Plaintiffs allege that after they fell behind on payments, relying on Defendant's alleged representation, they applied for a mortgage modification.  Defendant allegedly denied their application, sending letters to that effect on December 30 and 31, 2010, which Plaintiffs received on January 7, 2011.  Plaintiffs again applied for a modification in April, 2011 and the Complaint indicates that no modification was ever granted to Plaintiffs by Defendant.

On December 30, 2010 Plaintiffs filed a Chapter 7 Bankruptcy Petition.  Plaintiffs did not disclose any pending or outstanding claims against Defendant in the Bankruptcy Proceeding.  On April 19, 2011, Plaintiffs received a discharge of debts from the Bankruptcy Court.

II.   OPINION

A. <u>Legal Standard</u>

1. <u>Standing</u>

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." <u>Bernhardt v. Cnty. of L.A.</u>, 279 F.3d 862, 868 (9th Cir. 2002) (quoting <u>B.C. v. Plumas Unified Sch. Dist.</u>, 192 F.3d 1260, 1264 (9th Cir. 1999)) (alterations in original).  The United States Constitution limits the judicial authority of federal courts to cases and controversies.  U.S. Const. Art. III, § 2.  A court will not have

Defendant Wells Fargo, NA ("Defendant") as the successor in interest and proper defendant in this action.

3

subject matter jurisdiction over an action unless a live case or controversy exists, United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., 508 U.S. 439 (1993), and Article III requires that a plaintiff have standing throughout litigation.  See Flast v. Cohen, 392 U.S. 83, 97 (1968).  If subject matter jurisdiction is lacking "at any time . . ., the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Prudential standing requires that a party have a personal stake in an action.  Warth v. Seldin, 422 U.S. 490, 498-99 (1975). Thus, "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party . . . .  A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"  Id. (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)).

## 2. 12(b)(6) Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief

4

1   that is plausible on its face." Twombly, 550 U.S. at 570.

2   Dismissal is appropriate where the plaintiff fails to state a claim

3   supportable by a cognizable legal theory. Balistreri v. Pacifica

4   Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

5       Upon granting a motion to dismiss for failure to state a

6   claim, the court has discretion to allow leave to amend the

7   complaint pursuant to Federal Rule of Civil Procedure 15(a).

8   "Dismissal with prejudice and without leave to amend is not

9   appropriate unless it is clear . . . that the complaint could not

10  be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

11  316 F.3d 1048, 1052 (9th Cir. 2003).

12      B. Discussion

13          1. Request for Judicial Notice

14      Defendant seeks judicial notice of: A) the mortgage note

15  recording the July, 2006 refinance mortgage on the Property; B) a

16  deed of trust related to the Property dated June 27, 2006; C) a

17  Certificate of Corporate Existence dated April 21, 2006; D) a

18  letter from the Office of Thrift Supervision dated November 19,

19  2007 authorizing a name change from World Savings, FSB to Wachovia

20  Mortgage, FSB; E) the Charter of Wachovia Mortgage, FSB effective

21  December 31, 2006 and signed by the Director of the Office of

22  Thrift Supervision reflecting that Wachovia is subject to the Home

23  Owner's Loan Act; F) Official Certification of the Comptroller of

24  the Currency recognizing the conversion of Wachovia Mortgage, FSB

25  to Wells Fargo Bank Southwest, N.A. which then merged with and into

26  Wells Fargo Bank, N.A.; G) a web printout from the Federal Deposit

27  Insurance Corporation showing the history of Wachovia Mortgage,

28  FSB; H) a copy of Plaintiffs' Voluntary Petition for Chapter 7

1  Bankruptcy filed December 31, 2010; and I) Discharge of Debtor

2  filed April 19, 2011 granting Plaintiffs' bankruptcy discharge.

3       Generally, the Court may not consider material beyond the

4  pleadings in ruling on a motion to dismiss for failure to state a

5  claim.  The exceptions are material attached to, or relied on by,

6  the complaint so long as authenticity is not disputed, or matters

7  of public record, provided that they are not subject to reasonable

8  dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2

9  (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250

10  F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

11      Plaintiffs object to the Request for Judicial Notice insofar

12  as it seeks notice of documents filed with the County Recorder.

13  Plaintiffs argue that judicial notice of the truth of the contents

14  of those documents is not appropriate as they are subject to

15  reasonable dispute.

16      The Court takes judicial notice of Exhibits A and B only for

17  the purpose of showing the date the documents were recorded and

18  executed, but not as to the truth of the contents of the documents.

19  Exhibits C-G, while not objected to by Plaintiffs, are documents

20  issued by or obtained from various government entities.  The Court

21  can take judicial notice of the existence of these documents, but

22  it cannot take notice of the contents of the documents since they

23  may be subject to reasonable dispute.  Further, some of the

24  documents are offered by Defendant for the legal conclusions

25  reached by the issuing government agency, and the Court declines to

26  take judicial notice of those conclusions.  Finally, Exhibits H and

27  I are documents filed in relation to Plaintiffs' bankruptcy

28  proceedings.  The Court grants the request for judicial notice as

1    to Exhibits H and I because they are matters of public record not

2    subject to reasonable dispute.  Further, the Complaint contains

3    allegations concerning Plaintiffs' attempts to discharge their

4    debts in bankruptcy, making consideration of the documents proper

5    since the Complaint implicitly relies on them.

6                   2. <u>Effect of the Bankruptcy Proceeding</u>

7         Defendant seeks the dismissal of Plaintiffs' Complaint on the

8    grounds that all of the claims in the Complaint are foreclosed by

9    judicial estoppel because of Plaintiffs' failure to list them as

10   assets in their bankruptcy proceeding.  Defendant asserts that all

11   of the causes of action in Plaintiffs' Complaint accrued before

12   Plaintiffs' bankruptcy discharge was granted.  Since Plaintiffs did

13   not list the claims as assets in bankruptcy, they are now estopped

14   from raising them in the present action because doing so gives rise

15   to a position inconsistent with the one taken in the bankruptcy

16   proceeding.  Plaintiffs respond first that Defendant's argument

17   necessarily raises a factual issue—when their claims against

18   Defendant accrued—that cannot be adjudicated at the motion to

19   dismiss stage.  Second, Plaintiffs argue that they can simply

20   reopen the bankruptcy proceeding to amend their petition to include

21   the claims against Defendant, thereby curing any defect.

22        "In the bankruptcy context, a party is judicially estopped

23   from asserting a cause of action not raised in a reorganization

24   plan or otherwise mentioned in the debtor's schedules or disclosure

25   statements."  <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778,

26   783 (9th Cir. 2001) (citing <u>Hay v. First Interstate Bank of</u>

27   <u>Kalispell, N.A.</u>, 978 F.2d 555, 557 (9th Cir. 1992)).  Judicial

28   estoppel bars a debtor from later pursuing an undisclosed cause of

                                  7

action when the debtor "has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy," but fails to disclose the potential cause of action. Id. at 784.

First, Plaintiffs' argument that factual matters cannot be considered at the motion to dismiss stage fails because it misstates the law. When deciding a motion to dismiss, the Court accepts the factual allegations in the Complaint as true. Scheuer, 416 U.S. at 236. The Court may also consider facts established by judicial notice pursuant to Federal Rule of Evidence 201, as discussed in the preceding section. The inquiry at the motion to dismiss stage is, accepting the facts alleged in the Complaint as true along with the facts established through judicial notice, whether or not Plaintiffs state a claim that entitles them to relief. Twombly, 550 U.S. at 570. Thus, if the facts pled in a complaint, taken as true, do not state a claim, then dismissal is appropriate.

In this case, Plaintiffs filed for bankruptcy on December 30, 2010. RJN, Ex. H. Plaintiffs received their discharge on April 19, 2011. RJN, Ex. I. Plaintiffs did not include their claims against Defendant in their bankruptcy petition, a point that they concede in their Opposition. Opp. 5. According to Plaintiffs' Complaint, the loan at issue in this suit originated in July 2006. Compl. ¶¶ 13-18. Plaintiffs first attempted to obtain loan relief in September 2008, and were unsuccessful at that time. Id. ¶ 20. In March 2010, Plaintiffs again sought relief from Defendant and were denied, allegedly because they were current on their mortgage. Id. ¶ 23. After allegedly relying on Defendant's representation

that they would be eligible for loan relief if they fell three
months behind in their loan payments, Plaintiffs applied for loan
relief and were denied again at the latest on January 7, 2011.  Id.
¶ 42.  Plaintiffs then reapplied for relief in April, 2011, but
were again denied.  See Compl. ¶¶ 43, 72 (alleging that Plaintiffs
suffered a loss because Defendant failed to modify their loan).
Based on the foregoing, the Complaint clearly alleges that
Plaintiffs were aware that they did not qualify for loan relief on
January 7, 2011, despite any previous representation made by
Defendant.

    Plaintiffs' Second, Third, Fourth, Fifth, Sixth, and Seventh
causes of action contain allegations related to Defendant's refusal
to offer loan relief or Defendant's promises to modify Plaintiffs'
loan.  According to the Complaint, Plaintiffs were aware of the
facts underlying those causes of action when Defendant refused to
give the allegedly promised loan relief in January, 2011.  Those
claims therefore accrued during the pendency of Plaintiffs'
bankruptcy petition because their discharge was not filed until
April 19, 2011.  Plaintiffs' First, Second, Seventh, and Eighth
causes of action contain allegations related to the origination of
the loan.  Plaintiffs were aware of the facts underlying those
causes of actions when the loan originated in July 2006 and they
signed loan documents that did not accord with the representations
allegedly made by Defendant's loan officers.  Compl. Ex. A.
Plaintiffs were aware of the facts giving rise to all of their
causes of actions either prior to filing their bankruptcy petition
on December 30, 2010 or during the pendency of the bankruptcy
petition, which concluded on April 19, 2011.  It is undisputed that

1  Plaintiffs failed to disclose any cause of action against Defendant

2  as an asset to the bankruptcy court.  RJN Exs. H-I; Opp. 5.

3  Plaintiffs' claims are therefore barred by judicial estoppel.

4       Plaintiffs' argument that their failure to schedule the causes

5  of action as assets can be cured by reopening the bankruptcy

6  proceeding also fails.  If Plaintiffs reopen the bankruptcy

7  proceeding, the claims against Defendant will not revert to

8  Plaintiffs.  Instead, the Bankruptcy Court would be required to

9  appoint a new trustee to administer the estate, and that trustee

10 may decide to prosecute the claims or abandon them.  See Fed. R.

11 Bankr. P. 5010.  At this point, Plaintiffs' ability to cure the

12 omission is entirely speculative as the claims may never revert to

13 them, which also raises the standing issue discussed in the next

14 section.  Finally, the Ninth Circuit held in Hamilton that a

15 discharge that is later vacated still judicially estops a plaintiff

16 from bringing claims if those claims were not originally disclosed

17 to the bankruptcy court.  Hamilton, 270 F.3d at 784.  In other

18 words, judicial estoppel originates from the failure to disclose,

19 which cannot be cured.  Even if Plaintiffs amend their petition,

20 they will still be estopped by the bankruptcy action.

21      Plaintiffs are judicially estopped from bringing the present

22 claims against Defendant because they failed to disclose the claims

23 to the bankruptcy court.  Defendant's motion to dismiss is

24 therefore GRANTED.

25                    3. Standing

26      Finally, the Court has a duty to sua sponte consider

27 Plaintiffs' standing to bring suit.  The Supreme Court has held

28 that "[t]he Art. III judicial power exists only to redress or

                              10

otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." Warth v. Seldin, 422 U.S. 490, 499 (1975). Under 11 U.S.C. § 554(d) of the Bankruptcy Code, property not scheduled by the debtor and not abandoned by the estate remains property of the estate even after a discharge is granted. 11 U.S.C. § 554(d); In re Pace, No. 92-36787, 1994 WL 55523, 1, 17 F.3d 395 (9th Cir. Feb. 24, 1994). Thus, the real party in interest regarding the claims asserted by Plaintiffs is the trustee of the bankruptcy estate, not Plaintiffs. See In re Lopez, 283 B.R. 22, 31, 89 Fair Empl. Prac. Cas. 1648 (B.A.P. 9th Cir. 2002) (Klein, Bankruptcy Judge, concurring) ("Thus, in the case of an omitted cause of action, the trustee is the real party in interest . . . ."). Accordingly, Plaintiffs, as third parties to the claims asserted in this lawsuit, do not have standing to bring the present action. The claims belong to the bankruptcy estate. The Court must decline jurisdiction over this action as a result, and Plaintiffs' claims are also dismissed on this basis.

A dismissal for lack of jurisdiction is generally without prejudice, as such a dismissal does not reach the merits of the lawsuit. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). However, since this action must be dismissed because Plaintiffs lack standing and are judicially estopped from prosecuting this action, no reasonable possibility exists that the defects in their Complaint can be cured. Accordingly, leave to amend is denied because any amendment will be futile.

1

                        III. ORDER

2        For the foregoing reasons Plaintiffs' action is dismissed in

3   its entirety without leave to amend the Complaint. The Clerk is

4   ordered to close this case.

5

6        IT IS SO ORDERED.

7        Dated: June 20, 2012                    _____

8                                                JOHN A. MENDEZ,
                                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28