UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SAFLEY and SUZANNE SAFLEY,<br><br>        Plaintiffs,<br><br>   v.<br><br>WELLS FARGO, NA as successor in interest to WACHOVIA MORTGAGE and WORLD SAVINGS BANK, FSB; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:12-CV-00795 JAM-CKD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

Presently before the Court is Defendant Wells Fargo, NA's ("Defendant") Motion for Attorneys' Fees (Doc. #24).[1] Plaintiffs Norman and Suzanne Safley (collectively "Plaintiffs") oppose the motion (Doc. #26). Defendant replied (Doc. #27).

This litigation was brought by Plaintiffs to challenge the foreclosure sale of their home, obtain a mortgage loan modification pursuant to the federal Home Affordable Modification

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for September 5, 2012.

1

1  Program ("HAMP"), and obtain money damages stemming from the
2  eight causes of action in their complaint.  Defendant moved for
3  dismissal of Plaintiffs' complaint (Doc. #5), but the Court
4  dismissed the entire action on its own motion because Plaintiffs
5  lacked standing (Doc. #20).  Now Defendant seeks a finding that
6  it was a "prevailing party" and thereby entitled to attorneys'
7  fees in the amount of $9,368.  Defendant contends that Cal. Civil
8  Code § 1717 and Cal. Civil Procedure Code § 1032 authorize such
9  an award based on the contractual fees provisions in the note and
10 deed of trust.  Plaintiffs respond that the Court dismissed the
11 underlying action because they lacked standing without reaching
12 the merits of their contract claims, precluding a finding that
13 Defendant was the prevailing party.
14      Under California law, when a party to a contract dispute
15 obtains a simple unqualified win in litigation, a court has no
16 discretion to deny attorneys' fees pursuant to a valid
17 contractual attorneys' fees clause under Cal. Civil Code § 1717.
18 Jackson v. Homeowners Ass'n Monte Vista Estates-East, 113
19 Cal.Rptr.2d 363, 374 (Ct. App. 2001).  But, "If neither party
20 achieves a complete victory on all the contract claims, it is
21 within the discretion of the trial court to determine which party
22 prevailed on the contract or whether, on balance, neither party
23 prevailed sufficiently to justify an award of attorney fees."
24 Id. (quoting Scott Co. of Cal. v. Blount, Inc., 979 P.2d 974, 977
25 (Cal. 1999)).
26      In this case, Plaintiffs' position is more persuasive.  The
27 Court's order dismissing this case never reached the merits of
28 Plaintiffs' contract claims, and the Court did not have

2

jurisdiction over the contract claims due to Plaintiffs' lack of standing.  The dismissal was also without prejudice, meaning that if Plaintiffs are able to resolve their standing problems, they are free to refile the lawsuit.  Thus, Defendant did not achieve a simple unqualified win, leaving an award of attorneys' fees within the Court's discretion.  Based on the foregoing, the Court finds that neither Plaintiffs nor Defendant were prevailing parties for purposes of attorneys' fees.  Accordingly, Defendant's motion is DENIED.  Defendant's Request for Judicial Notice (Doc. #25) is hereby vacated as moot.

    IT IS SO ORDERED.

Dated: September 20, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE